UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DANIEL LEE ROBINSON (#127348)** | **CIVIL ACTION NO.** |
| **VERSUS** | **18-491-JWD-EWD** |
| **JAMES LeBLANC, ET AL.** | |

## O R D E R

Before the Court are two Motions to Stay Discovery: the first[1] filed by Defendants Tim Hooper, James LeBlanc, Preety Singh and Craig White; the second[2] filed by Defendants Todd Barrere, and Eric Hinyard. Defendants have asserted the defense of qualified immunity in Motions to Dismiss that are pending before the Court.[3]

When the qualified immunity defense has been raised, discovery is generally not allowed until resolution of that threshold issue unless the court determines that it is unable to rule on the qualified immunity defense without additional facts:

> The Fifth Circuit has long held that an assertion of qualified immunity shields a government official from discovery that is "avoidable or overly broad." *Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir. 1987). As clarification, the *Lion Boulos* court explained that it is only when the district court "is unable to rule on the immunity defense without further clarification of the facts" and when the discovery order is "narrowly tailored to uncover only those facts needed to rule on the immunity claim," that an order allowing limited discovery is neither avoidable nor overly broad. Lion Boulos, 834 F.2d at 507-08. However, discovery on the issue of qualified immunity "must not proceed until the district court first finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." *Wicks v. Miss. State Emp't Servs.*, 41 F.3d 991, 994 (5th Cir. 1995); *Brown v. Texas A & M Univ.*, 804 F.2d 327, 333 (5th Cir. 1986) ("[T]he issue of qualified immunity is a threshold question, and until this threshold immunity question is resolved, discovery should not be allowed."); *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) (citing *Lion Boulos*, 834 F.2d at 507-08) (emphasis in original) ("[A] plaintiff seeking to overcome qualified immunity

---

[1] R. Doc. 11.
[2] R. Doc. 25.
[3] *See* R. Docs. 10-1, pp. 10-14 r. Doc. 24-1, pp. 10-14.

must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity. After the district court finds a plaintiff has so pled, if the court remains 'unable to rule on the immunity defense without further clarification of the facts' it may issue a discovery order 'narrowly tailored to uncover only those facts needed to rule on the immunity claim.'").[4]

Accordingly, finding good cause to grant Defendants' Motions to Stay Discovery,

**IT IS ORDERED** that Defendants' Motions to Stay Discovery[5] are hereby **GRANTED**, and discovery is hereby **STAYED** pending a resolution of Defendants' Motions to Dismiss[6] that raise the defense of qualified immunity. The parties are advised that, upon the issuance of a final Ruling on Defendants' pending Motions to Dismiss, and in the event that the Motions are not granted in Defendants' favor, the parties may recommence discovery and shall have a period of 90 days from the date of the Ruling to complete discovery and shall have a period of 120 days from that date within which to file cross-motions for summary judgment.

Signed in Baton Rouge, Louisiana, on July 24, 2019.

							_____
							**ERIN WILDER-DOOMES**
							**UNITED STATES MAGISTRATE JUDGE**

---

[4] *Wilson v. Sharp*, No. CV 17-84-SDD-EWD, 2017 WL 4685002, at *2 (M.D. La. Oct. 18, 2017).
[5] R. Docs. 11 & 25.
[6] R. Doc. 10 & 24.