UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DANIEL LEE ROBINSON (#127348)**   CIVIL ACTION NO.

**VERSUS**   18-491-JWD-EWD

**JAMES LeBLANC, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 4, 2019 .

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DANIEL LEE ROBINSON (#127348)                CIVIL ACTION NO.

VERSUS                                       18-491-JWD-EWD

JAMES LeBLANC, ET AL.

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court are two Motions to Dismiss: the first filed on behalf of Defendants, Tim Hooper, James LeBlanc, Preety Singh, and Craig White;[1] and the second filed on behalf of Defendants Todd Barrere and Eric Hinyard.[2] The Motions are opposed.[3] For the following reasons, the undersigned recommends that the Motions to Dismiss be granted, as Plaintiff failed to exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). The undersigned further recommends that Plaintiff's claims against Demetrius Butler, the sole defendant who has not appeared or filed a motion to dismiss, be dismissed *sua sponte*.

**I.    Background**

*Pro se* Plaintiff, Daniel Lee Robinson ("Plaintiff"), an inmate incarcerated at the Elayn Hunt Correctional Center ("EHCC"), St. Gabriel, Louisiana, filed suit on April 20, 2018 against Todd Barres, Denise Butler, Eric Henyard, Tim Hooper, James LeBlanc, Preety Singh, and Craig White.[4] Plaintiff later amended his Complaint to correct the names of Todd Barres, Denise Butler, and Eric Henyard to reflect the correct names of these Defendants as Todd Barrere, Demetrius Butler,[5] and Eric Hinyard, respectively.[6]

---

[1] R. Doc. 10.
[2] R. Doc. 24.
[3] R. Docs. 14 & 32.
[4] R. Doc. 1.
[5] Demetrius Butler was served on June 19, 2019, and his answer was due July 10, 2019. Butler has yet to file responsive pleadings.
[6] R. Doc. 12.

Plaintiff alleges that after a fight, his prosthetic leg and other property was taken from him.[7] Prior thereto, Plaintiff used the prosthetic leg and a wheelchair to function at EHCC.[8] After Plaintiff was "locked up" for fighting, he was placed in a nursing unit, which was handicap accessible, for approximately one month. Thereafter, Plaintiff was moved to another cell, which was not handicap accessible nor was the shower Plaintiff had to use handicap accessible.[9] Plaintiff was left in that cell for two days without his prosthetic leg. Plaintiff was then moved into a handicap accessible cell for approximately ten days but was later moved to another cell that was not handicap accessible. In that cell, in order to shower, Plaintiff alleges he had to "slide out of [his] wheelchair and crawl over a one foot high wall onto slippery tile without rails to use while doing so."[10] According to Plaintiff, because the shower did not have wheelchair access and because there were no rails he fell several times.[11] Plaintiff avers he alerted Barrere, Hinyard, and Butler to the problem. Plaintiff also alleges he filled out two sick-call requests for his primary care doctor, Dr. Singh, he did not receive a response.[12] From the Complaint, it appears as though Plaintiff was in this cell for over one week. Thereafter, he was moved to another cell on the same tier wherein he still had to crawl over the shower wall to get to the shower, but this cell had a "wheeled shower chair" for Plaintiff to use, though he alleges the chair was unstable.[13] Plaintiff remained in that cell for approximately four weeks.[14]

Based on these events, Plaintiff filed a grievance ("ARP") with the prison. On the day Plaintiff signed the receipt for acceptance of his ARP, he avers he was moved to another tier that

---

[7] R. Doc. 1, p. 5.
[8] R. Doc. 1, p. 5.
[9] R. Doc. 1, p. 5.
[10] R. Doc. 1, p. 5.
[11] R. Doc. 1, p. 5.
[12] R. Doc. 1, p. 5.
[13] R. Doc. 1, p. 5.
[14] R. Doc. 1, p. 5.

2

was not handicap accessible and again had to crawl to the shower.[15] Plaintiff alleges he fell the first night in this cell while he was trying to crawl over the wall.[16] A few days later, Plaintiff contends he was called to the security office by Craig White, who told Plaintiff that "either [he] drop the ARP or [he] would be sent back to [the] extended lockdown cell block."[17] Plaintiff admits in his Complaint that he dropped his ARP and was then moved to a cell with "rails on toilets and shower."[18]

Plaintiff alleges he spent a total of five months in cell blocks where his handicap condition was disregarded, presumably due to the abovementioned deficiencies (*i.e.*, lack of handrails, no prosthesis, no method of getting into the shower, etc.).[19] Eventually, his property was returned, except his prosthesis, but Plaintiff's prosthesis was returned to him after ten months.[20] Plaintiff thereafter filed a property loss form and subsequently, an ARP regarding "property loss."[21] Plaintiff alleges that this second ARP was rejected because "[he] was told [he] could not file an ARP on property loss."[22] Plaintiff seeks monetary and injunctive relief.[23]

## II. Law & Analysis

### A. Standard of Review

In *Bell Atlantic Corp. v. Twombly*,[24] and *Ashcroft v. Iqbal*,[25] the Supreme Court clarified the standard of pleading that a plaintiff must meet to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the

---

[15] R. Doc. 1, p. 6.
[16] R. Doc. 1, p. 6.
[17] R. Doc. 1, p. 6.
[18] R. Doc. 1, p. 6.
[19] R. Doc. 1, p. 6.
[20] R. Doc. 1, p. 6.
[21] R. Doc. 1, p. 6.
[22] R. Doc. 1, p. 6.
[23] R. Doc. 1, p. 7.
[24] 550 U.S. 544 (2007).
[25] 556 U.S. 662 (2009).

3

speculative level."²⁶ "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"²⁷ "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."²⁸ It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"²⁹ "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"³⁰

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint."³¹ Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"³² Moreover, the federal pleading rules simply require a "short and plain statement of the claim showing that the pleader is entitled to relief."³³ The task of the court is not to decide if the plaintiff will eventually be successful, but to determine if a "legally cognizable claim" has been asserted.³⁴ Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation,"³⁵ or "naked assertions [of unlawful conduct] devoid of further factual enhancement."³⁶

---

²⁶ *Twombly*, 550 U.S. at 555.
²⁷ *Iqbal*, 556 U.S. at 678.
²⁸ *Id.*
²⁹ *Id.* at 679.
³⁰ *Id.* at 678 (internal quotation marks omitted).
³¹ *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).
³² *Id.* (citation omitted).
³³ Fed. R. Civ. P. 8(a)(2).
³⁴ *Thompson v. City of Waco, Tex.*, 764 F.3d 500, 502–03 (5th Cir. 2014).
³⁵ *Papasan v. Allain*, 478 U.S. 265, 286 (1986).
³⁶ *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

## B. Exhaustion

Defendants contend that Plaintiff failed to exhaust his administrative remedies prior to filing suit and that this fact is apparent from the face of the Complaint.[37] Defendants specifically contend that Plaintiff withdrew his ARP regarding the potential deliberate indifference and ADA claims and did not refile an ARP related to same. Pursuant to 42 U.S.C. § 1997e, Plaintiff was required to exhaust administrative remedies available to him at the prison prior to commencing a civil action in this Court with respect to prison conditions.[38] This provision is mandatory and applies broadly to "all inmate suits about prison life."[39] Further, a prisoner must exhaust administrative remedies by complying with applicable prison grievance procedures before filing a suit relative to prison conditions.[40] Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules.[41] One of the principal purposes of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "'time and opportunity to address complaints internally.'"[42] Further, the degree of specificity necessary in a prisoner's grievance should be evaluated in light of this intended purpose.[43]

On the face of Plaintiff's Complaint, it is apparent that Plaintiff did not exhaust administrative remedies with respect to all potential claims with the exception of Plaintiff's lost property claims. Further, though Plaintiff was threatened with adverse consequences should he

---

[37] R. Doc. 10, pp. 14-15 & R. Doc. 24, pp. 14-15.
[38] 42 U.S.C. § 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."
[39] *Porter v. Nussle*, 534 U.S. 516, 532 (2002).
[40] *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004).
[41] *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).
[42] *Johnson v. Johnson*, supra, 385 F.3d at 516, *quoting Porter v. Nussle*, 534 U.S. at 525.
[43] *Id.*

not withdraw his ARP, the Fifth Circuit has found that such a threat is not sufficient to be considered one of the rare circumstances where exhaustion is not required.[44] Because Plaintiff failed to exhaust his claims relative to alleged deliberate indifference and violations of the ADA, these claims must be dismissed. It is not clear from the face of the Complaint whether Plaintiff exhausted his administrative remedies with respect to his lost property claims, but these claims fail as a matter of law.[45]

### C. Lost Property[46]

Pursuant to well-established federal jurisprudence, an unauthorized negligent or even intentional wrongful deprivation of property by state employees does not amount to a violation of the procedural requirements of due process if a meaningful post-deprivation remedy for the loss is available.[47] Further, the burden is on the complainant to show that available post-deprivation remedies are not adequate.[48] Plaintiff has not alleged that state post-deprivation remedies are unavailable to him or are inadequate. To the contrary, it is recognized that Louisiana law provides ample remedies under which Plaintiff could proceed against Defendants for recovery of his

---

[44] *Zebrowski v. U.S. Bureau of Prisons*, 558 F.App'x. 355, 360 (5th Cir. Feb. 27, 2014) (wherein the Fifth Circuit held that a defendant's threats to transfer an inmate to a higher security prison if the inmate did not withdraw his grievances were insufficient to excuse plaintiff from exhausting his administrative remedies).

[45] Though it is unclear whether Plaintiff's lost property claims were properly exhausted, any claim that his property was taken or "lost" as a retaliatory act are clearly unexhausted.

[46] Plaintiff acknowledges that it was "never my intention to claim property loss as a constitutional violation, and I did NOT do so. Plaintiff was using the property loss to show this Honorable Court, the different methods used by the defendants to coerce plaintiff to drop his complaint, while I did ask for the property to be replaced, it was NOT a claim in my complaint." (Emphasis in original). R. Doc. 14, p. 15.

[47] *Hudson v. Palmer,* 468 U.S. 517, 533 (1984); *Parratt v. Taylor,* 451 U.S. 527, 542 (1981). This is commonly referred to as the "Parratt/Hudson Doctrine." Though Plaintiff's Complaint appears to indicate his property was taken by his cellmate, and Defendants failed to follow proper protocol and allegedly misstated facts regarding Plaintiff's property, construing the Complaint liberally, this Court also interprets the claims as asserting that it was state officials who deprived Plaintiff of his property.

[48] *Marshall v. Norwood,* 741 F.2d 761, 764 (5th Cir. 1984). *See also, Batiste v. Lee*, Civ. Action No. 09-674, 2009 WL 2708111, *3 (W.D. La. Aug. 26, 2009)(dismissing *pro se* prisoner's claims for deprivation of property as frivolous and for failing to state a claim based on the *Parratt/Hudson Doctrine*).

property or for reimbursement for its loss.[49] Accordingly, Plaintiff's claim for an alleged loss of property is without constitutional merit and fails to state a claim upon which relief may be granted.

### D. Claims against Demetrius Butler

Because the face of Plaintiff's Complaint establishes that Plaintiff failed to exhaust his administrative remedies as to the only viable claims presented prior to filing suit, it is appropriate to dismiss Plaintiff's claims against Demetrius Butler without prejudice. The Fifth Circuit has held claims may be dismissed *sua sponte* if the plaintiff has prior notice and an opportunity to respond.[50] However, the Fifth Circuit has also recognized exceptions to the requirement that a party be given prior notice and an opportunity to respond, one of which is if the dismissal is without prejudice.[51] Because the reason for dismissal of the claims against Butler is Plaintiff's failure to exhaust administrative remedies, such that the dismissal is without prejudice, notice is not required. Nevertheless, the fourteen-day objection period provided for in this Report and Recommendation provides Plaintiff with sufficient notice and an opportunity to respond.[52] Accordingly, Plaintiff's claims against Butler should be dismissed *sua sponte*.

## RECOMMENDATION

**IT IS RECOMMENDED** that Plaintiff's claims against all Defendants regarding lost property be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

**IT IS FURTHER RECOMMENDED** the Motions to Dismiss filed on behalf of Defendants, Tim Hooper, James LeBlanc, Preety Singh, and Craig White,[53] and Todd Barrere and

---

[49] *Id.* at 763.
[50] *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014).
[51] *Id.* at n. 1, *citing Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). Though it has been recommended that Plaintiff's lost property claims be dismissed with prejudice, these claims are properly dismissed pursuant to 28 U.S.C. §§ 1915(e) and 1915A.
[52] *Alexander v. Trump*, 753 F.App'x. 201, 208 (5th Cir. 2018).
[53] R. Doc. 10.

7

Eric Hinyard[54] be **GRANTED** and that all remaining claims against the moving Defendants be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

    **IT IS FURTHER RECOMMENDED** that all remaining claims against Demetrius Butler be **DISMISSED WITHOUT PREJUDICE** *sua sponte* for failure to exhaust administrative remedies.

    Signed in Baton Rouge, Louisiana, on October 4, 2019.

    **ERIN WILDER-DOOMES**
    **UNITED STATES MAGISTRATE JUDGE**

---

[54] R. Doc. 24.